UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

LARRY REVO,

               Plaintiff,

     v.

WILLIAMSVILLE BRANCH OF THE
UNITED STATES POST OFFICE,

               Defendant.

**DECISION AND ORDER**
14-CV-853S

## I. INTRODUCTION

In this action, *pro se* Plaintiff Larry Revo seeks $129.99 in damages against the Williamsville Branch of the United States Post Office because it "did not deliver [sic] package they claimed they did."[1]  (Docket No. 1, p. 7.)  The United States now moves to dismiss Plaintiff's claim for lack of subject-matter jurisdiction and for insufficient service of process under Rules 12 (b)(1) and (b)(5) of the Federal Rules of Civil Procedure.  (Docket No. 2.)  Because Plaintiff failed to exhaust his administrative remedies, failed to properly serve the United States, and failed to prosecute this action, the government's motion will be granted and this case will be dismissed.

## II. DISCUSSION

The plaintiff, as the party seeking to invoke the court's jurisdiction, bears the burden of demonstrating proper subject-matter jurisdiction.  McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936); Scelsa v. City Univ. of N.Y., 76 F.3d 37, 40 (2d Cir. 1996).  In turn, a defendant may assert lack of subject-matter

---

[1]Plaintiff originally filed his action against the Post Office as a small claim in Tonawanda City Court.  (Docket No. 1, p. 7.)  The Post Office thereafter removed the action to federal court under 28 U.S.C. § 1441(a).  (Docket No. 1.)

jurisdiction as a defense under Rule 12 (b)(1), which permits dismissal of an action if the "district court lacks the statutory or constitutional power to adjudicate it."  Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000).

The FTCA provides a limited waiver of the sovereign immunity enjoyed by the United States.  The United States may be held liable in tort when employees acting within the scope of their employment are negligent in "circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."  28 U.S.C. § 1346(b).  But "[t]he FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." McNeil v. United States, 508 U.S. 106, 113, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993).  By statute, an FTCA claim must be "presented in writing to the appropriate Federal agency" within two years after the claim accrues.  See 28 U.S.C. § 2401(b).  This exhaustion requirement is jurisdictional; it therefore cannot be waived.  Celestine v. Mount Vernon Neighborhood Health Ctr., 403 F.3d 76, 82 (2d Cir. 2005).

Here, Plaintiff has failed to allege or establish that he exhausted his administrative remedies.  Moreover, the government has confirmed that Plaintiff failed to file an administrative claim.  (Declaration of Kimberly A. Herbst, Docket No. 3, ¶¶ 1-6.)  This case must therefore be dismissed for lack of subject-matter jurisdiction.

In addition, this case must be dismissed for insufficient service of process.  Rule 4 (i) of the Federal Rules of Civil Procedure requires that a plaintiff suing the United States serve a copy of the summons and complaint by registered or certified mail to both the United States Attorney's Office for the district where the action is brought and the Attorney General of the United States in Washington, D.C.  See Rule 4 (i)(1).  Plaintiff served

2

neither.  (Affidavit of Mary E. Fleming, Docket No. 3, ¶ 7.)

Finally, this case is subject to dismissal for failure to prosecute under Rule 41 (b) of the Federal Rules of Civil Procedure, which provides that:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule — except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 — operates as an adjudication upon the merits.

FED. R. CIV. P. 41 (b).

Where the defendant has not moved under Rule 41 (b), a court may nonetheless dismiss a case *sua sponte*.  Link v. Wabash R.R. Co., 370 U.S. 626, 630-31, 82 S.Ct. 1386, 8 L.Ed. 2d 734 (1982); Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 42 (2d Cir. 1982).   In Link, the Supreme Court noted that: "[t]he authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."  Link, 370 U.S. at 630-31.

Rule 41 (b) does not define what constitutes failure to prosecute.  But the Second Circuit has stated that failure to prosecute "can evidence itself either in an action lying dormant with no significant activity to move it or in a pattern of dilatory tactics."  Lyell Theatre Corp., 682 F.2d at 42.  Dismissal pursuant to Rule 41 (b) falls within the court's discretion.  See id. at 42-43 ("the scope of review of an order of dismissal is confined solely to whether the trial court has exercised its inherent power to manage its affairs within the permissible range of its discretion").  It is, however, "a harsh remedy to be utilized only in

3

extreme situations." Harding v. Fed. Reserve Bank, 707 F.2d 46, 50 (2d Cir. 1983) (quoting Theilmann v. Rutland Hosp., Inc., 455 F.2d 853, 855 (2d Cir. 1972) (per curiam)); see also Chira v. Lockheed Aircraft Corp., 634 F.2d 664, 665 (2d Cir. 1980) (discussing the sanction of dismissal for failure to prosecute as "pungent, rarely used, and conclusive"). This is particularly true in cases involving *pro se* litigants, where dismissal for failure to prosecute should be granted only "when the circumstances are sufficiently extreme." Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996) (citing Nina v. Connecticut Depot of Envtl. Prot., 16 F.3d 482, 487 (2d Cir. 1994)).

The following factors, none of which is dispositive, must be considered in determining whether dismissal for failure to prosecute is warranted: (1) the duration of the plaintiff's failures, (2) whether the plaintiff received notice that further delays would result in dismissal, (3) whether the defendant is likely to be prejudiced by further delay, (4) whether an appropriate balance has been struck between alleviating the court's calendar congestion and protecting the litigants' due process rights, and (5) whether lesser sanctions would be appropriate. See United States ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 255 (2d Cir. 2004); Nina, 16 F.3d at 485; Feurtado v. City of New York, 225 F.R.D. 474, 477 (S.D.N.Y. 2004) (quoting Jackson v. City of New York, 22 F.3d 71, 74 (2d Cir. 1994)).

These factors weigh in favor of dismissal. Plaintiff has taken no action since this case was removed to federal court on October 16, 2014. On three separate occasions, this Court directed Plaintiff to respond to the government's Motion to Dismiss. (Docket Nos. 5, 6, 7.) Twice this Court warned Plaintiff that his case could be dismissed for failure to  prosecute if he failed to respond as directed. (Docket Nos. 6, 7.) Nonetheless, to

4

date—more than six months after the government filed its motion—Plaintiff has failed to respond.  This delay prejudices the government and is of sufficient duration to warrant dismissal.  This Court therefore finds that dismissal is warranted for failure to prosecute and that no lesser sanction would be appropriate.

## III. CONCLUSION

For the foregoing reasons, this Court finds that Plaintiff's FTCA claim must be dismissed for lack of subject-matter jurisdiction, insufficient service of process, and failure to prosecute.  The government's Motion to Dismiss will therefore be granted.

## IV.  ORDERS

IT HEREBY IS ORDERED, that the government's Motion to Dismiss (Docket No. 2) is GRANTED.

FURTHER, that the Clerk of Court is directed to CLOSE this case.

SO ORDERED.


Dated:        May 7, 2015
              Buffalo, New York

                                        /s/William M. Skretny
                                         WILLIAM M.  SKRETNY
                                        Senior United States District Judge